## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**RANDY LEE BATISTE #124950**                       **CIVIL ACTION**

**versus**                                         **NO. 06-2331**

**STATE OF LOUISIANA**                             **SECTION: "A" (1)**


## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).[1]  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

---

[1]  Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Randy Batiste, is a state prisoner incarcerated at the Caldwell Correctional Center, Grayson, Louisiana.  On January 27, 2005, he pled guilty to possession of cocaine in violation of La.Rev.Stat.Ann. § 40:967.[2]  On February 1, 2005, he was found to be a second offender and was sentenced as such to a term of ten years imprisonment.[3]  He did not appeal either his conviction or sentence.

On October 3, 2005, petitioner filed with the state district court a "Motion to Reconsider and/or Modify Sentence" which was denied on October 7, 2005.[4]  He did not seek review of that denial.

On November 18, 2005, petitioner filed with the state district court a "Motion to Obtain Court Transcripts."[5]  Although there was apparently no formal ruling on that request, he was provided with copies of some of the documents.[6]

On January 17, 2006, petitioner filed with the state district court an application for post-conviction relief which was denied on January 24, 2006.[7]  He did not seek review of that denial.

On February 8, 2006, petitioner filed with the state district court a motion asking that the attachments to his post-conviction application be returned to him and that he be given a copy of

---

[2]  State Rec., Vol. I of I, transcript of January 27, 2005; State Rec., Vol. I of I, minute entry dated January 27, 2005.

[3]  State Rec., Vol. I of I, minute entry dated February 1, 2005.

[4]  State Rec., Vol. I of I.

[5]  State Rec., Vol. I of I.

[6]  State Rec., Vol. I of I, letter to petitioner dated December 27, 2005.

[7]  State Rec., Vol. I of I.

District Attorney's file.  On March 9, 2006, the former request was granted and the latter request denied.[8]

On March 30, 2006, petitioner filed this federal application for *habeas corpus* relief.[9] In support of his application, he raises the following claims:

1.  Petitioner received ineffective assistance of counsel;

2.  Petitioner was wrongly denied a continuance;

3.  The trial court erred in denying petitioner's motion to recuse the district attorney;

4.  Petitioner was denied due process;

5.  Petitioner's rights under the Fourth Amendment were violated; and

6.  Petitioner's sentence is excessive.

The state argues that petitioner's federal application is subject to dismissal both because it is untimely and because he failed to exhaust his remedies in state court.[10]

<u>Timeliness</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his

---

[8] State Rec., Vol. I of I.

[9]  Rec. Doc. 1.

[10]  Rec. Docs. 10 and 11.

conviction or sentence becomes "final."  Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).[11]

As noted, petitioner was found to be a second offender and was sentenced as such on February 1, 2005.  Therefore, pursuant to 28 U.S.C. § 2244(d)(1)(A), his conviction and sentence became final thirty days later on March 3, 2005, upon the expiration of his period for seeking direct review.[12]  Accordingly, the period that petitioner had to file his application for federal *habeas corpus* relief commenced on that date and expired one year later, i.e., on March 3, 2006, unless that deadline was extended through tolling.

The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court.  28 U.S.C. § 2244(d)(2).  Accordingly, this Court must determine which, if any, of petitioner's post-conviction filings entitle him to statutory tolling.

Petitioner's first post-conviction filing was his "Motion to Reconsider and/or Modify Sentence" filed on October 3, 2005.  However, Louisiana law provides:

> In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at

---

[11]   Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are inapplicable in the instant case.

[12]   See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal); La.C.Cr.P. art. 914 (a criminal defendant has thirty days in which to file a motion for appeal).

> sentence, the state or the defendant may make or file a motion to reconsider sentence.

La.C.Cr.P. art. 881.1(A)(1).  In the instant case, petitioner did not file his motion within thirty days and the trial court did not extend that filing deadline at sentencing.  Accordingly, petitioner's motion was untimely under state law.  An untimely application is not "properly filed" and, therefore, entitles a petitioner to no tolling credit.  See Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005).

Petitioner's next post-conviction filing was his "Motion to Obtain Court Transcripts" filed on November 18, 2005.  Motions seeking production of transcripts or other documents cannot fairly be considered applications for state post-conviction relief or other collateral review for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence.  Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n. 22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003);  Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001).

However, after three hundred nineteen (319) days of his one-year period had elapsed, petitioner *did* toll the statute of limitations by filing his state post-conviction application on January 17, 2006.  Although that application was denied on January 24, 2006, tolling continued until February 23, 2006, when his thirty-day period expired for seeking review of the trial court's denial by filing a writ application with the intermediate appellate court.  See Melancon v. Kaylo, 259 F.3d 401, 404-06 (5th Cir. 2001); Louisiana Uniform Rules of the Courts of Appeal Rule 4-3.

At that point, petitioner had forty-six (46) days of the statute of limitations remaining. Because his federal application was filed thirty-five (35) days later on March 30, 2006,[13] it was timely filed.

However, as the state correctly notes, petitioner's application is nevertheless still subject to dismissal because he clearly has not exhausted his state court remedies as required.

Exhaustion

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner must normally first exhaust his remedies in state court before seeking *habeas corpus* relief from the federal courts. "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

Petitioner does not indicate in his federal application that he sought review of his claims by the Louisiana Supreme Court. Moreover, in a subsequent filing, he in fact acknowledges that he failed to exhaust his state court remedies.[14] Additionally, a staff member of this Court contacted the Louisiana Supreme Court's Office of the Clerk of Court by telephone on August 31,

---

[13] Petitioner signed his application on March 30, 2006. Rec. Doc. 1. That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes. Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).

[14] Rec. Doc. 6.

2006, and was informed that the court's computerized database showed no writ applications of any kind had been filed by petitioner in that court.  Therefore, the state is correct in arguing that petitioner's federal application is subject to dismissal on the ground that he failed to exhaust his state court remedies as required prior to seeking relief in federal court.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Randy Lee Batiste be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this fifth day of September, 2006.



**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**